UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE C. WILLIAMSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | No.  CV-12-0044-EFS<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

## I.   INTRODUCTION

Before the Court, without oral argument, are cross-summary-judgment motions.  Plaintiff Diane C. Williamson appeals the Administrative Law Judge's ("ALJ") denial of her application for Supplemental Security Income Disability Benefits.  ECF No. 2. Plaintiff contends that the ALJ applied an improper legal standard to her disability claim, and that the ALJ's final determination — the denial of her request for benefits — is not supported by substantial evidence.  ECF No. 16.  Defendant Carolyn W. Colvin, the Commissioner of Social Security ("Commissioner"), asks the Court to affirm the ALJ's decision finding Plaintiff not disabled.  After reviewing the record and relevant authority, the Court is fully informed.  For the reasons set forth below, the Court affirms the ALJ's decision and

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT
MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT
MOTION- 1

therefore denies Plaintiff's motion and grants the Commissioner's motion.

## II. BACKGROUND

**A. Factual Background[1]**

Plaintiff, a 49-year-old woman, has eleven years of education without a GED. ECF No. 12, at 34. At the time of her administrative hearing, Plaintiff was 46 years old and living in Warden, Washington with her fiancée. *Id.* at 33-34. She has worked as a bookkeeper, a general office clerk, and a laboratory technician. ECF No. 16, at 3. Plaintiff's most recent employment ended in 2003 when she was sentenced to a 22-month prison term for forgery. ECF No. 12, at 34-35. Although Plaintiff was in and out of jail throughout most of her adult life due to a cocaine addiction, Plaintiff contends that she overcame the addiction in 2007 and has not used cocaine since that date. *Id.* at 36.

Plaintiff suffers from neck pain and headaches that stem from a workplace accident that occurred in 2000. ECF No. 12, at 775. She was excused from work for a short period of time as a result of this head injury, *id.*, but resumed work at various times after this accident took place, *id.* at 34. In 2007, Washington State Department of Social and Health Services Psychologist Thomas Genthe diagnosed Plaintiff with major depressive disorder, recurrent cocaine

---

[1] The facts are only briefly summarized. A detailed recitation of the facts is contained in the administrative hearing transcript and the ALJ's decision.

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT
MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT
MOTION- 2

1  dependence, post-traumatic stress disorder ("PTSD"), and borderline
2  personality disorder. *Id.* at 232. Despite these diagnoses, Plaintiff
3  has never been hospitalized for any psychiatric reason. *Id.* at 21.
4  Plaintiff was sexually assaulted in May 2008, and has a difficult time
5  being around strangers and, in particular, men. *Id.* at 37.

6      Plaintiff does laundry, makes lunch for her fiancée, cleans the
7  house, and takes herself to various mental health appointments on a
8  regular basis. *Id.* at 39. She attends church on a weekly basis and
9  socializes with church friends. *Id.* at 40. She has no trouble
10 walking or driving, but she does have trouble sleeping and sitting for
11 long periods of time. *Id.* at 42. Plaintiff contends that her
12 headaches are often quite severe and debilitating. *Id.* at 43. She
13 takes medication for these headaches and also for anxiety. *Id.* at 38.

14 **B.  Procedural History**

15     In December 2007, Plaintiff filed an application for
16 Supplemental Security Income under Title XVI of the Social Security
17 Act, 42 U.S.C. §§ 1381-1383f. She alleges disability beginning in
18 January 2004 due to major depression, borderline personality disorder,
19 anxiety, PTSD, and neck and shoulder pain. In 2008, her application
20 was denied by the Social Security Administration. ECF No. 12, at 58-
21 61. The ALJ denied her claim after holding the requested hearing, *id.*
22 at 14-29, and finally, the Social Security Administration denied her
23 request for review of the ALJ's decision, *id.* at 1-4. Plaintiff now
24 brings this action pursuant to 42 U.S.C. § 405(g), claiming that the
25 ALJ's decision is not supported by substantial evidence and is based
26 on an improper legal standard. ECF No. 16, at 3.

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT
MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT
MOTION- 3

### III. LEGAL STANDARD

**A.   Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not meet or equal one of the listed impairments, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past. This includes determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The claimant meets this burden if she establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT
MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT
MOTION- 5

**B.   Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

### IV. ANALYSIS

Plaintiff raises three main arguments in support of her contention that the ALJ erroneously assessed the impact that her psychological impairments have on her ability to work. First, she argues that the ALJ failed to properly consider the medical evidence and opinions of Dr. Genthe; second, she contends her disability qualified as a listed impairment; and third, she alleges that the ALJ presented an improper hypothetical to the vocational expert. Upon review of the entire record, the Court rejects these claims and finds the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

Although Dr. Genthe concluded that "I have difficulty seeing [Plaintiff] establish[ing] even moderate stability in less than one year," ECF No. 12, 560, the ALJ's rejection of this conclusion was supported by substantial evidence. The objective evidence elicited during the hearing showed that Plaintiff was able to function fairly normally; she attended church, went shopping, cleaned the house, did laundry, made meals, and attended meetings on a regular basis. *Id.* at 39-40. Furthermore, Plaintiff claimed to have been sober and relatively stable since 2007, and many of Dr. Genthe's qualms rested on the likelihood that Plaintiff would relapse and the lack of stability she had in her life. *See id.* at 560. In short, the objective evidence that the ALJ relied on suggests that many of Dr. Genthe's concerns turned out to be shortsighted. As such, it was not a mistake for the ALJ to rely on the state psychological consultant's conclusion that Plaintiff could work productively if placed in the

1 right conditions. ECF No. 12, at 591. Furthermore, even if the Court
2 assumes Plaintiff's proposed interpretation of Dr. Genthe's
3 evaluations is reasonable and supported by substantial evidence, the
4 fact that evidence is susceptible to more than one interpretation is
5 not sufficient to overturn the ALJ's findings. *See Batson v. Comm'r*
6 *of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004); *Burch*, 400
7 F.3d at 679.

8 Plaintiff's assertion that her disabilities qualify as a listed
9 impairment lacks support in the record. Plaintiff has not presented
10 this argument with any specificity. Meeting the requirements for a
11 listed impairment requires a showing of "marked difficulties" across a
12 number of categories, 20 C.F.R. pt. 404, subpt. P, app. 1; but the ALJ
13 found that, at most, Plaintiff's psychological impairments caused only
14 moderate difficulties. ECF No. 12, at 19-20. The claimant bears the
15 burden of proving that an alleged impairment meets or equals a listed
16 impairment, *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), and
17 Plaintiff has not provided any evidence to rebut the ALJ's finding on
18 this issue.

19 Finally, the ALJ's vocational hypothetical was proper. The ALJ
20 asked the vocational expert to assume the existence of a hypothetical
21 person who could do light work with no overhead reaching who was to
22 have "limited contact with the public and coworkers." *Id.* at 47.
23 This hypothetical was consistent with the evidence elicited at the
24 hearing and the expert reports on Plaintiff's capabilities given her
25 limitations. As such, the hypothetical was supported by substantial
26 evidence. Based on this hypothetical, the vocational expert concluded

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT
MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT
MOTION- 8

1 that, although Plaintiff could not return to past relevant work, she
2 could conduct a number of other unskilled jobs. *Id.* Plaintiff argues
3 that the ALJ should have provided a more detailed hypothetical
4 question to the vocational expert, but Plaintiff's attorney was
5 allowed to question this expert; *id.* at 50-52; thus, any error was
6 harmless. Ultimately, Plaintiff fails to show how a different
7 hypothetical would have yielded a different result.

### V. CONCLUSION

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded — using the correct legal standards — that Plaintiff did not suffer from a disability. For the aforementioned reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED.**
2. The Commissioner's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED.**
3. The Clerk's Office is directed to **ENTER JUDGMENT** in the Commissioner's favor, and to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 6th day of August 2013.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge